**Kelly BLACK, Appellant,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY, Appellee.**

**No. 08–90–00163–CV.**

Court of Appeals of Texas,
El Paso.

Jan. 23, 1991.

Rehearing Overruled Feb. 20, 1991.

Lark H. Fogel, James F. Scherr, Law Offices of James Franklin Scherr, El Paso, for appellant.

David R. Pierce, Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

OPINION

FULLER, Justice.

Appellant appeals from an order of the trial court which dismissed her separate claim for 12 percent penalty, interest and attorney's fees. We affirm.

FACTS

This claim was made in conjunction and as a part of Appellant's pleadings in a workers' compensation case. The Appel-

lant pled that the Appellee was liable to numerous "health care providers" for non-payment for medical and chiropractic services rendered and sought a money judgment against Appellee for unpaid necessary medical, chiropractic and hospital expenses incurred.

The Appellant also sought a 12 percent penalty on the unpaid medical expenses, plus interest and attorney's fees. The trial court severed this claim from the compensation case and then dismissed the severed claim for the reason that: *"The recovery of the penalty, interest and attorneys' fees is not permitted under the Texas Workers' Compensation Laws and therefore fails to state a claim on which relief can be granted."* [Emphasis added]. Appellant appeals from this dismissal.

■ By a single point of error, the Appellant asserts the trial court erred in holding that penalty, interest and attorney's fees were not recoverable and that such claim failed to state a cause of action.

Appellant relies on Tex.Rev.Civ.Stat. Ann. art. 8306, § 7 (Vernon Supp.1990, now repealed), which pertains to medical services. Section 7 allows the insurance company to contest, before the Industrial Accident Board, the reasonableness of the charges by the various PROVIDERS OF MEDICAL CARE (including hospitals, doctors, chiropractors, providers of medicines). If the Board enters an award favorable to the claim of the PROVIDERS, the insurance company may appeal that award, but is subject to some risk under this section:

> In any subsequent appeal from the award the Board, if the person or facility PROVIDING medical aid, hospital services, chiropractic services, nursing services, or medicines recovers an amount equal to or in excess of the charges submitted to the Board, SUCH PERSON OR FACILITY shall be entitled to recover from the association an additional amount equal to 12 percent of the amount unpaid and reasonable attorney's fees.

If, however, the award on appeal is less than the charges that were submitted to the Board by the PROVIDERS then the insurance company may recover attorney's fees against the PROVIDERS.

The above provisions of Section 7 clearly relate to problems between the health providers and the workers' compensation carrier with a penalty provision for the unsuccessful party on appeal from the Board's award. It is obvious that the claimant who is seeking compensation benefits payable in a lump sum because of hardship would be in no position to shoulder the provider's claim and face the possible penalty of payment of attorney's fees. There would be other problems inherent in such a proposition, such as double recovery against the carrier for medical as well as attorney's fees.

Under the Texas Administrative Code, Title 28, Insurance, § 41.10 (1988) containing rules of the Industrial Accident Board, it states:

> The following words and terms, when used in these rules, shall have the following meanings, unless the context clearly indicates otherwise:

> *HEALTH PROVIDER—Used in these board rules in a generic sense, having reference to licensed practitioners of medicine, osteopathic, chiropractic, and podiatry.* [Emphasis added].

The Board, in the instant workers' compensation case, ordered that all of Appellant's medical bills be paid. We are unable to comprehend Appellant's assertion that the claimant should be entitled to recover the penalties and attorney's fees set forth in the statute which clearly states this provision is only for the benefit of the "PROVIDERS."

As stated at 37 K. Lerner, **Texas Practice**, § 272, at 172–173 (1989) "[i]n an appeal from the board's award, if THE PERSON OR FACILITY WHICH PROVIDES MEDICAL SERVICES recovers an amount equal to or in excess of the charges submitted to the board, the *PERSON OR FACILITY* is entitled to recover from the association an additional amount equal to 12% of the amount unpaid." [Emphasis added].

Point of Error No. One is overruled.

The Appellee urges that this appeal by Appellant was taken for delay and without sufficient cause and therefore damages should be awarded Appellee under Tex.R. App.P. 84.

We first of all note that the attorney for the claimant is an experienced and successful trial lawyer who has appeared before this Court on numerous occasions. This appeal is disturbing to this Court because of the clarity of the statute which is the logical reason why there are no cases to be cited by either side.

Pursuant to Tex.R.App.P. 84, we render judgment in favor of Appellee and against the Appellant in the amount of ten times the total taxable costs.

We also affirm the trial court's judgment which resulted in dismissal of Appellant's claim under Tex.Rev.Civ.Stat.Ann. art. 8306, § 7.